IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TASHA CHAPMAN,**

    **Plaintiff,**

           Case No. 2:24-cv-1789
           Judge Michael H. Watson
   v.         Magistrate Judge Elizabeth P. Deavers

**COLUMBUS METROPOLITAN**
**HOUSING AUTHORITY,** *et al.***,**

    **Defendants.**

### ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Tasha Chapman's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $405.00 filing fee. 28 U.S.C. § 1915(b)(1). It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for consideration of the Motion by Pro Se Litigant to Obtain Electronic Case Filing Rights. (ECF No. 2.) Plaintiff, appearing *pro se*, seeks leave to participate in electronic case filing (e-filing) in this action. (*Id.*) Plaintiff's Motion, ECF No. 2, is **DENIED WITHOUT PREJUDICE** given the following Recommendation.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the

Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

II.

Plaintiff, proceeding without the assistance of counsel, brings this action pursuant to Title VII of the Fair Housing Act, 42 U.S.C. § 3604, alleging unlawful discrimination "either on the basis of [her] family status or disability." (*See* ECF No. 1-1.) Under the Fair Housing Act, "it shall be unlawful . . . to make, print, or publish . . . any notice, statement, or advertisement, with respect to the . . . rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin[.]" 42 U.S.C. § 3604(c). A § 3604(c) claim has three elements. *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 805 F. Supp. 2d 396, 406–07 (S.D. Ohio 2011). A plaintiff must prove that: (1) defendant made a statement; (2) the statement was made with respect to the sale or rental of a dwelling; and (3) the statement indicated a preference, or limitation or discrimination on the basis of a protected class. *Id.* (citing *White v. United States Dep't of Hous. & Urban Dev.*, 475 F.3d 898, 904 (7th Cir. 2007)).

Here, Plaintiff asserts claims against the following Defendants: (1) Columbus Metropolitan Housing Authority (the "CMHA"), which Plaintiff alleges administers the Housing Choice Voucher ("HCV") program in which Plaintiff participates; (2) Consultants to Government and Industry Incorporation ("CGI"), which Plaintiff alleges acts in tandem with the CMHA; (3) Heels Homes Ltd., which Plaintiff alleges owns the house Plaintiff rents and accordingly serves as Plaintiff's landlord; (4) 4 Real Property, through Corey Barnes (collectively, "4 Real Property"), which Plaintiff alleges acts on behalf of Heels Homes Ltd. (ECF No. 1-1.) Plaintiff asserts claims of family status discrimination against CMHA and HCV, and disability discrimination against Heels Homes Ltd. and 4 Real Property. (*Id.*) The Court will address these claims in turn.

First, Plaintiff has failed to allege a family status discrimination claim against CMHA and HCV.  While Plaintiff alleges that CMHA and HCV made statements which related to the rental of Plaintiff's home, Plaintiff has failed to allege that such statements "indicated a preference, or limitation or discrimination" on the basis of Plaintiff's family status (due to the fact that Plaintiff has children).  Instead, Plaintiff alleges that CMHA and HCV's statements "accus[ing] members of [Plaintiff's] household of **crime, drugs and alcohol**" and "alleging laws that point to ***crime, drugs, alcohol and poor housing quality standards***."  (*See* ECF No. 1-1 at PAGEID ## 8-9, ¶¶ 14, 18 (emphasis in original).)  Even taking these allegations as true, Plaintiff only has demonstrated that Defendants CMHA and HCV were concerned about crime, drugs, alcohol, and other housing quality standards – not the family status of the people engaging in any such activity.  And to the extent the CMHA and HCV's statements are construed as suggesting that Plaintiff's children are no longer permitted to live at the subject property, such statements are again only tied to the nature of their alleged activity – not to Plaintiff's family status.

Plaintiff's disability discrimination claim against Heels Homes Ltd. and 4 Real Property suffers a similar defect.  While Plaintiff has alleged that Heels Homes Ltd. and 4 Real Property made statements pertaining to the rental of Plaintiff's home, she again has failed to allege that such statements "indicated a preference, or limitation or discrimination" on the basis of Plaintiff's disability.  Instead, the statements Plaintiff places at issue only relate to requests to replace the locks on the subject property and for documentation related to Plaintiff's her emotional support animal ("ESA").[1]  (ECF No. 1-1 at PAGEID ## 13-20.)  While Plaintiff seems

---

[1] Plaintiff does not affirmatively allege that she is disabled.  (ECF No. 1-1.)  Nevertheless, liberally construing Plaintiff's Complaint for purposes of this initial screening only, the Court will interpret Plaintiff's allegation of having an ESA as having properly alleged that she is disabled.  *O'Neill v. Adams Cnty. Jail*, No. 1:23-CV-200, 2023 WL 6481844, at *3 (S.D. Ohio Oct. 5, 2023) ("A complaint filed by a *pro se* plaintiff must be 'liberally construed' and 'held to

to interpret these requests as imposing undue burdens on her due to her ESA, the statements clearly are not discriminatory:

> If your animal is a service animal *I have no issues with that*. But you are supposed to notify your landlord that you have a (2 /4) service animal. The old owner was not aware that you had a dog on the property. *You are not being asked to leave.* The only thing we want is access to the (3 /4) building. *We need to rekey your front door.* Let me know a good time and date so we can change the locks and provide you with a new key. *Also we need the ( 4 /4 )service animals records showing they are up to date on all their shots.* You can email that to me with the email I have previously provided. Thanks
>
> \*\*\*
>
> *[A]ll [] we need is the records* for [Plaintiff's ESA] showing he/she is up to date on vaccines and shots.
>
> \*\*\*
>
> I need . . . . either *a letter from the vet* for [Plaintiff's ESA] stating [Plaintiff's ESA] has been vaccinated and up to date on shots.

*Id.* (emphasis added).

Plaintiff also alleges that Heels Homes Ltd. and 4 Real Property made statements relating to an upcoming appraisal and inspection, but nothing in those messages references Plaintiff's disability or her ESA. (*Id.* at PAGEID ## 17-18.) Despite this, Plaintiff alleges that "all of this I feel is discriminatory retaliation . . . to just infringe upon my entire life at will; even if I have a disability that prevents that." (*Id.* at PAGEID # 19, ¶ 63.) But, even taking Plaintiff's allegations as true, the subject messages only pertain to a landlord's right to enter Plaintiff's property (both under the terms of Plaintiff's lease and under Ohio law). Plaintiff therefore has failed to allege any discriminatory statement, let alone that any such statement is connected to a disability.

---

less stringent standards than formal pleadings drafted by lawyers.'") (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976))).

In sum, regardless of whether Plaintiff believes she has legitimate disputes with Defendants, she has failed to allege any discrimination claims under the Fair Housing Act based on her family status or disability. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted.

## III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v.*

*Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date:  April 19, 2024 	/s/ *Elizabeth A. Preston Deavers*
	ELIZABETH A. PRESTON DEAVERS
	UNITED STATES MAGISTRATE JUDGE